IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHELLEY B. WILLIAMS, Ed.D.,

    Plaintiff,

VS.

WEST MEMPHIS SCHOOL DISTRICT,
a Public Body Corporate,
JON COLLINS, in his individual and
official capacity as School Superintendent,
GHERIC BRUCE, RANDY CATT, GARY
MASNER, LISA PERRY, PHILLIP SORRELL,
RANDY SULLIVAN, and LESLIE WELLS,
individually and in their official capacities
as members of the BOARD OF EDUCTION
FOR THE WEST MEMPHIS SCHOOL
DISTRICT, a Public Body Corporate,

    Defendants.

DOCKET NO.: 3:15-cv-00167-BSM
Jury Demanded

AGREED PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS BY
DEFENDANT WEST MEMPHIS SCHOOL DISTRICT

    Plaintiff has sought copies of certain documents from Defendant, West Memphis School District ("Defendant") through written discovery requests. Defendant has objected to the production of the requested documents for various specific reasons. In an effort to resolve the disputed discovery issues, the parties have agreed to this Protective Order and agree that all documents produced by West Memphis School District, or any other Defendant, will be subject to the terms stated herein:

    1.    All documents produced under this Order will be designated as confidential and the information contained therein shall only be used for the purpose of the prosecution, defense,

or settlement of this action and for no other purpose. Any protected personal information, or protected health information, may be redacted from documents produced under the terms of this Order. This agreement would not prevent Plaintiff from seeking to compel production of the unredacted information at a later time if it was felt to be relevant or otherwise discoverable.

2. Confidential documents shall be so designated by stamping copies of the documents produced as "Confidential" or "Produced Pursuant to Protective Order," or other similar language to identify the documents as being subject to this Order. The designation on the cover of any multipage documents shall designate all pages of the documents as confidential unless otherwise noted.

3. Confidential materials pursuant to this Order may be disclosed or made available to the Court, any Appellate Court, the Jury, and to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and, to the "qualified" persons designated below:

   a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

   b. Court reports employed in this action;

   c. To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing confidential information will be maintained as confidential as well;

   d. Any other person to whom the parties, in writing, agree, or as directed by the Court by specific order.

Prior to receiving any confidential information, each "qualified" person shall be provided with a copy of this order and shall be subject to its terms and conditions.

4. The Court specifically orders that any confidential information obtained during the discovery process as described in this Order shall not be filed with the Clerk, but can be sent under separate cover to the Court along with any motions or other pleadings that the Court may consider.

5. This Order shall not be deemed to prejudice the parties in any way nor shall any application for modification of this Order or to later seek production of other documents objected to by Defendant. All designations of confidentiality shall be made based on a good faith belief that the documents should, in fact, be subject to the confidentiality order. In the event of any challenge to the confidentiality of any document produced pursuant to this Agreed Protective Order, the party seeking to accord protective status to the document or documents shall bear the burden of proof.

6. This Order is entered solely for the purpose of expediting and facilitating the exchange of documents and information between the parties in this action without additional involvement by the Court unnecessarily in this process. Nothing in this Order or the production of any information or document under the terms of this Order or any proceedings pursuant to this Order shall be deemed of the effect of an admission or waiver by either party or of allowing the confidentiality or non-confidentiality of any such document or information or altering obligation of any party in the absence thereof.

7. This Order shall survive the final termination of this action to the extent that the Court does not lift or otherwise limit the application of this Order. Upon termination of this case, counsel in possession of confidential materials shall ensure their continued confidentiality unless and until those documents are returned to the party providing them or certified as destroyed.

It is SO ORDERED, this 23rd day of November, 2015.

_____
Hon. Brian S. Miller
Chief U.S. District Judge

APPROVED FOR ENTRY:

PORTER LAW FIRM
*Counsel for Plaintiff*

_____
AUSTIN PORTER, JR., AR BAR 86145
The Tower Building
323 Center Street, Suite 1035
Little Rock, AR 72201
Tel. 501.244.8200/Fax 501.372.5567
aporte5640@aol.com

HAGWOOD ADELMAN TIPTON, PC
*Counsel for Defendants*

s/ Rebecca Adelman
_____
REBECCA ADELMAN, AR BAR 92012
545 South Main Street, Suite 111
Memphis, TN 38103
Tel. 901.529.9313/Fax 901.529.8772
radelman@hatlawfirm.com

4