IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SHELLEY B. WILLIAMS**                                                                 **PLAINTIFF**

v.                          **CASE NO. 3:15CV00167 BSM**

**WEST MEMPHIS SCHOOL DISTRICT, et al.**                              **DEFENDANTS**

## ORDER

Plaintiff Shelley B. Williams's motion for reconsideration [Doc. No. 44] is granted and her 42 U.S.C. § 1981 individual capacity race discrimination claim against superintendent Jon Collins is reinstated.

Qualified immunity was granted to Collins and the seven members of the West Memphis School District's board of directors, in their individual capacities, on Williams's sections 1981 and 1983 race discrimination claims [Doc. No. 42]. In the same order, summary judgment was denied to the school district on Williams's Title VII claim for sex discrimination. Williams timely moved for reconsideration [Doc. No. 44] regarding her section 1981 race discrimination claim against Collins, arguing that there are disputed issues of fact that must be resolved by the jury.

In support of her motion, Williams relies on the following: (a) the West Memphis School District has never hired a black person to serve as principal for West Junior High School; (b) Collins, who is the superintendent of schools, was on the interview committee that helped select the new principal of West Junior High School; (c) as superintendent, Collins made the recommendation to the school board to hire Charles Tyler, a white man, to

serve as principal of West Junior High School; (d) when Williams asked Collins why Tyler was hired over her, Collins initially said that Tyler had run West Junior High for nearly two years; (e) after Williams told Collins that Tyler had not run West Junior High for the past years, Collins stated that Tyler was hired because he was a better fit for the job.

In a telephone conference conducted soon-after the filing of the motion for reconsideration, the parties were notified that the motion would probably be granted but that defense counsel would be given an opportunity to research and respond to the motion. Defendants have now responded and reiterate that Collins's recommendation to the school board was made after the interview committee determined it was in the best interest of the school district to hire Tyler based on race neutral factors considered during the application and interview process and not based on racial discrimination. Additionally, defendants argue that stripping Collins of qualified immunity without more than Collins's "better fit" comment amongst an abundance of evidence to the contrary is against established law.

The meaning of Collins's "better fit" statement is an issue for the jury to decide. It is clear that Collins's position is that he meant that hiring Tyler was in the best interest of the school district based on the non-discriminatory factors used in the hiring process. Williams's position is essentially that Collins's "better fit" statement meant that Tyler was a better fit because he is white. In support of this position, Williams relies on the factors set forth in (a) - (e) of the final paragraph of the preceding page.

Williams's motion for reconsideration is granted because there is an issue of material fact in dispute and Williams's section 1981 race discrimination claim against Collins is

hereby reinstated.

       IT IS SO ORDERED this 20th of September 2016.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE